**LODGE & SHIPLEY COMPANY,**
3055 Colerain Avenue, Cincinnati, Ohio, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

Civ. A. Nos. 3856, 4418.

United States District Court
S. D. Ohio, W. D.

Aug. 3, 1960.

Dolle, O'Donnell, Cash, Fee & Hahn, Cincinnati, Ohio, for plaintiff.

Hugh K. Martin, U. S. Atty., Richard H. Pennington, Ass't U. S. Atty., Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

The above-entitled cause came on regularly for trial and the Court having duly considered the evidence and being fully advised in the premises now finds the following:

## Findings of Fact

### I

The Lodge & Shipley Company, plaintiff herein, is a corporation organized and existing under the laws of the State of Ohio with its principal office at Cincinnati, Ohio. The Columbia Machinery and Engineering Corporation, prior to December 22, 1953, was a corporation organized and existing under the laws of the State of Ohio, with its principal office at Hamilton, Ohio.

### II

Both The Lodge & Shipley Company and the Columbia Machinery and Engineering Corporation, at all times relevant hereto kept their books and filed their Federal Income and Excess Profits tax returns on the accrual basis.

### III

Prior to December 22, 1953, the plaintiff, The Lodge & Shipley Company, and The Columbia Machinery and Engineering Corporation were totally unrelated corporations and taxpayers.

### IV

Plaintiff, The Lodge & Shipley Company, timely filed its Federal Income Tax returns for the calendar years 1951, 1952, 1953 and 1954 with the Collector of Internal Revenue for the First District of Ohio and paid Federal Income and Excess Profits taxes due from it on its net income accrued for said years as follows:

| | |
|---|---|
| For the year 1951 | $ 474,600.60 |
| For the year 1952 | 1,719,711.78 |
| For the year 1953 | 2,568,372.02 |
| For the year 1954 | 303,748.00 |

### V

In March of 1951, The Columbia Machinery and Engineering Corporation entered into a contract with The United States of America for the production of certain tank parts for the Ordinance Department of the United States Army. This contract was designated Contract No. DA-20-089-ORD-15041. The contract contained a stipulated price which The United States of America agreed to pay for the parts to be manufactured thereunder. The contract also contained price redetermination and renegotiation provisions.

### VI

Under and pursuant to the terms of said contract No. DA-20-089-ORD-15041, The Columbia Machinery and Engineering Corporation manufactured and delivered to the defendant tank parts in the amounts of $108,931.52 during the year 1951, and $244,060.99 during the year 1952, and $23,918.82 during the year 1953. These same amounts were accrued as income to The Columbia Machinery and Engineering Corporation for the fiscal years involved and reported as such on its Federal Income tax returns for the fiscal years ending January 31, 1952 and 1953, and its final fiscal period ending December 22, 1953.

### VII

The final Federal Income tax returns of The Columbia Machinery and Engineering Corporation for the years and periods above referred to, reported net losses as follows, and accordingly, no Federal Income or Excess Profits taxes were paid by that Corporation for such years and periods:

| Fiscal year ending | Net Loss |
|---|---|
| Jan. 31, 1952 | $ 66,410.52 |
| Jan. 31, 1953 | 15,278.84 |
| Dec. 22, 1953 | 140,623.40 |

### VIII

In March of 1953, The United States of America, through its agent, and pursuant to Contract No. DA-20-089-ORD-15041, made a unilateral redetermination of the prices called for in said contract, from which redetermination The Columbia Machinery and Engineering Corporation duly perfected its appeal to the Armed Services Board of Contract Appeals. Accordingly, there was no accrual of liability to the United States Government on account of this contract at any time.

## IX

In the summer of 1953, representatives of The Lodge & Shipley Company and representatives of The Columbia Machinery and Engineering Corporation met with each other to discuss the possibilities of merging the two corporations and negotiations looking toward such a merger began at that time.

## X

Prior to the meeting, financial information concerning the two corporations was exchanged between the parties. The representatives of The Lodge & Shipley Company received from the representatives of Columbia the Annual Financial Reports of The Columbia Machinery and Engineering Corporation for the years 1951 and 1952 and an interim balance sheet showing the financial condition of the Company as of June, 1953.

## XI

The June, 1953, financial statement reflected a New Worth figure for The Columbia Machinery and Engineering Corporation of $570,000.00. The two earlier financial reports available to The Lodge & Shipley Company representatives reflected slightly higher New Worth figures for the Columbia Corporation. The Net Worth of The Columbia Machinery and Engineering Corporation as computed in these financial reports had not been diminished by any amount on account of the contingent liability of Columbia arising out of the asserted price redetermination on Contract No. DA–20–089–ORD–15041.

## XII

The financial statements above referred to, plaintiff's Exhibits 2, 3 and 4, each contained a note pointing out that a price redetermination claim had been asserted by the United States Government, but that it was being contested. The representatives of The Columbia Machinery and Engineering Corporation further advised the representatives of The Lodge & Shipley Company of this contingent claim and expressed the opinion that Columbia would prevail on the appeal.

The Lodge & Shipley Company representatives made no investigation into the validity of the Government's claim prior to the execution of the Agreement of Merger.

## XIII

The approximate Net Worth of the plaintiff, The Lodge & Shipley Company, prior to its merger with The Columbia Machinery and Engineering Corporation was $5,200,000.00.

## XIV

The negotiations between the two corporations eventually culminated in a proposal for merger. The first proposal, made by Columbia, was for twenty per cent of the stock of the surviving corporation in the merger to be distributed to the shareholders of The Columbia Machinery and Engineering Corporation. This proposal was rejected by The Lodge & Shipley Company and a counter-proposal was made for an exchange of stock based upon the relative book values of each company. The counter-proposal was rejected by The Columbia Machinery and Engineering Corporation.

## XV

By letter dated August 27, 1953, (Plaintiff's Exhibit No. 5), The Lodge & Shipley Company made a second proposal to Columbia to the effect that a merger of Columbia into The Lodge & Shipley Company be accomplished and that the number of shares in the surviving corporation to be distributed to the Columbia shareholders be based upon the ratio of the book value of Columbia to the book value of The Lodge & Shipley Company, with a guarantee that the shareholders of Columbia would not receive less than ten per cent of the shares of the surviving corporation. The ten per cent guarantee figure was arrived at by The Lodge & Shipley Company by comparing the Net Worth figure of Columbia as reflected in its June, 1953, balance sheet, undiminished by any provision for any contingent claim, with the Net Worth figure of The Lodge & Shipley Company for the same period.

## XVI

Subsequent to the proposal contained in the above-mentioned letter (Plaintiff's Exhibit No. 5), the parties again negotiated and it was finally agreed that the surviving corporation would issue 3,500,000 shares of common stock and that 400,000 of those shares would be issued to the shareholders of The Columbia Machinery and Engineering Corporation. A meeting of the Board of Directors of The Columbia Machinery and Engineering Corporation was held on September 16, 1953, at which a resolution was unanimously adopted approving the proposed statutory merger between The Lodge & Shipley Company and Columbia, as outlined in the letter from The Lodge & Shipley Company dated August 27, 1953, (Plaintiff's Exhibit No. 5), subject, however, to the provision that the surviving corporation issue 3,500,000 shares and 400,000 of those shares be distributed to the shareholders of Columbia.

## XVII

On September 23, 1953, the Board of Directors of The Lodge & Shipley Company met and unanimously resolved to accept the modifications in the terms and conditions of the merger made by the action of the Board of Directors of The Columbia Machinery and Engineering Corporation on September 16, 1953.

## XVIII

On November 9, 1953, a formal Agreement of Merger, based upon the terms outlined in XVI, supra., was executed by and between the plaintiff, The Lodge & Shipley Company, and The Columbia Machinery and Engineering Corporation.

## XIX

On December 22, 1953, the Agreement of Merger previously executed by and between plaintiff, The Lodge & Shipley Company, and The Columbia Machinery and Engineering Corporation was filed in the Office of the Secretary of State of Ohio and recorded in Volume 669 at Page 56 of the Records of Incorporation in such Office.

## XX

Under the terms of the Agreement of Merger, The Columbia Machinery and Engineering Corporation was merged into the plaintiff and the plaintiff continued to exist as a corporation under the laws of the State of Ohio.

## XXI

Also under the terms of the Agreement of Merger, plaintiff as the surviving corporation, succeeded to all of the rights, privileges, powers and franchises and became subject to all of the restrictions, liabilities and duties of both corporations, that were parties to the Agreement of Merger.

## XXII

No stock securities or other property was transferred by the plaintiff, The Lodge & Shipley Company, to The Columbia Machinery and Engineering Corporation for its property, the entire distribution being made to the shareholders of The Columbia Machinery and Engineering Corporation.

## XXIII

The contingent liability of Columbia arising out of the price redetermination of Contract No. DA–20–089–ORD–15041 was not reflected in the amount of stock issued by the plaintiff to the shareholders of The Columbia Machinery and Engineering Corporation in the Merger.

## XXIV

Following the Merger, plaintiff, The Lodge & Shipley Company, became substituted for The Columbia Machinery and Engineering Corporation, as party appellant before the Armed Services Board of Contract Appeals in the dispute concerning the price redetermination under Contract No. DA–20–089–ORD–15041.

## XXV

On May 17, 1954, the defendant, The United States Government, entered into a further modification of Contract No. DA–20–089–ORD–15041 with the plaintiff and with The Columbia Machinery and Engineering Corporation. In this agreement, known as the "Tripartite·

Agreement", the defendant declared it to be to the best interests of the Government to recognize the merger between plaintiff and Columbia and to accept plaintiff as a successor to Columbia under Contract No. DA–20–089–ORD–15041. It was further mutually agreed therein, that plaintiff would assume all the duties and liabilities of Columbia under the contract with the same force and effect as if the plaintiff had been named as the Contractor therein. It was further mutually agreed that any and all settlements and adjustments could be made between plaintiff and the Government without the need for any accountability to Columbia.

## XXVI

On the 6th day of December, 1954, the Armed Services Board of Contract Appeals established a redetermined contract price under the terms of Contract No. DA–20–089–ORD–15041, fixed the contract price at a total sum of $324,736.64, and ordered The Lodge & Shipley Company to repay defendant the sum of $80,147.23.

## XXVII

Pursuant to this decision by the Armed Services Board of Contract Appeals, the plaintiff entered into an agreement with the defendant known as Supplemental Agreement No. 11 to Contract No. DA–20–089–ORD–15041, under the terms of which the contract price was "reduced by Eighty Thousand One Hundred Forty-seven and 23/100 ($80,147.23) Dollars, from Four Hundred Four Thousand Eight Hundred Eighty-three and 87/100 ($404,883.87) Dollars, to Three Hundred Twenty-four Thousand Seven Hundred Thirty-six and 64/100 ($324,736.64) Dollars". Inasmuch as the defendant had paid only $350,833.94 under the contract, the account between plaintiff and defendant was settled by plaintiff's repayment of $26,097.30, and cancellation of defendant's indebtedness to the plaintiff. Plaintiff received no credit against the amount of profits found to be excessive for Federal Income or Excess Profits Taxes paid.

## XXVIII

As an accrual basis taxpayer, plaintiff claimed a deduction in the amount of $80,147.23 on its 1954 Federal Income Tax return, since that was the year in which the Armed Services Board of Contract Appeals announced its decision redetermining the contract price under Contract No. DA–20–089–ORD–15041. This deduction was disallowed by the defendant as a deduction for the year 1954, and plaintiff was assessed an additional tax of $41,676.56 which plaintiff paid and no part of which has been refunded.

## XXIX

On the 29th day of February, 1956, plaintiff filed with the Director of Internal Revenue for the First District of Ohio a claim for refund for Federal Income Taxes in the sum of $11,683.20 for the year 1951, a claim for refund for Federal Income and Excess Profits Taxes in the sum of $33,824.26 for the year 1952, and a claim for refund for Federal Income and Excess Profits Taxes in the sum of $4,414.04 for the year 1953. On the 11th day of July, 1956, the Director of Internal Revenue for the First District of Ohio rejected these claims for refund and so notified the plaintiff in writing.

## XXX

On the 24th day of February, 1958, plaintiff filed a claim for refund for Federal Income Taxes for the year 1954 in the sum of $40,376.56 with the Director of Internal Revenue for the First District of Ohio. Said claim for refund has not been allowed and plaintiff has not received a refund of any part of the taxes claimed to have been overpaid.

## XXXI

Plaintiff is the sole and absolute owner of all of the claims hereinabove referred to and no assignment or transfer of any such claim, or part thereof, has been made.

### Conclusions of Law

From the foregoing facts the Court concludes as follows:

Plaintiff, The Lodge & Shipley Company, acquired all of the assets of The Columbia Machinery and Engineering Corporation in a statutory merger and thus plaintiff is an "acquiring corporation" within the meaning of Section 381 (c) (16) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 381(c) (16).

II

Plaintiff assumed all of the obligations of The Columbia Machinery and Engineering Corporation, its transferor corporation, in the statutory merger above referred to.

III

After December 22, 1953, the date on which the assets of The Columbia Machinery and Engineering Corporation were transferred to plaintiff, plaintiff's assumption of Columbia's obligations gave rise to a liability on the part of plaintiff to pay to the defendant the sum of $80,147.23 This liability was properly accrued in the year 1954.

IV

This liability of $80,147.23 would have been deductible by The Columbia Machinery and Engineering Corporation in computing its taxable income, if it had been paid or accrued by it.

V

Accordingly, under the provisions of Section 381(c) (16) of the Internal Revenue Code of 1954, plaintiff is entitled to deduct the sum of $80,147.23 in computing its taxable income for the year 1954 and to recover from defendant a refund of the taxes overpaid in that year by reason of not having been allowed such deduction, together with interest as provided by law.

Judgment Entry

By agreement of counsel for both parties and upon order of this court, the above-entitled actions, being Civil Action No. 3856 and No. 4418, were consolidated for trial before the court without a jury. Upon the trial of this matter, defendant, by and through its counsel, admitted that the facts stated in Count II of Civil Action No. 4418 were true and confessed judgment in favor of the plaintiff as therein prayed. Accordingly, the facts so admitted are so found by the court and the amount of $6,135.01, with interest thereon as provided by law, upon said Count is included in the judgment for the plaintiff awarded herein.

After testimony had been taken and trial had, Civil Action No. 3856 and Count I of Civil Action 4418 were submitted to the court upon the pleadings, the evidence, and the arguments and Briefs of Counsel. Proposed Findings of Fact and Conclusions of Law were subsequently filed by each party and the Court, after due deliberation and careful consideration of the evidence and of the Arguments and Briefs of Counsel has, and does hereby, adopt as its own the Findings of Fact and Conclusions of Law which permit plaintiff to recover taxes paid by it for the year 1954, to which defendant excepts. Further, the court hereby rejects the Findings of Fact and Conclusions of Law proposed by the defendant, to which the defendant excepts, and it also rejects the Alternative Findings of Fact and Conclusions of Law proposed by the plaintiff which would have permitted the recovery of taxes paid by plaintiff for the years 1951, 1952 and 1953, to which plaintiff excepts. Accordingly, it is

Ordered and adjudged that plaintiff, The Lodge & Shipley Company, do have and recover from the defendant, The United States of America, the sum of $48,456.14, which sum is stipulated by the parties to be the correct amount due, plus interest as provided by law from January 3, 1956. Each party to bear its own costs as hereinafter taxed by the clerk.